IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE THARPE,

  Plaintiff,

-vs-

AMERICAN HONDA FINANCE
CORPORATION, a foreign profit corporation,

  Defendant.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, KYLE THARPE, sues the Defendant, AMERICAN HONDA FINANCE CORPORATION, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant AMERICAN HONDA FINANCE CORPORATION, (hereafter "HONDA FINANCE'), in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§ 1331.

4.     The alleged violations described herein occurred in Manatee County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

5.     Plaintiff, KYLE THARPE, is and was at all material times a natural person over the age of eighteen (18), who resides in Bradenton, Manatee County, Florida.

6.     Plaintiff KYLE THARPE is the "called party" with respect to the calls placed to his cellular telephone number, (941) 726-9776, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014).

7.     At all times material hereto, Defendant, HONDA FINANCE was a foreign corporation authorized to conduct business and conducting business in the state of Florida, with its principal place of business at 20800 Madrona Avenue, Torrance, CA. For purposes of consistency, Defendant shall be referred to herein solely as "HONDA FINANCE."

## FACTUAL ALLEGATIONS

8.     At all times material hereto, Defendant HONDA FINANCE sought to collect an alleged debt from Plaintiff KYLE THARPE that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

9.     Prior to the conduct at issue in this action, Plaintiff co-signed a lease for a 2012 Honda Civic for his mother.

10. In or about August of 2013, Defendant, HONDA FINANCE began initiating calls to Plaintiff's cellular telephone number, (941) 726-9776, in an attempt to collect the above described alleged debt owed for his mother's leased vehicle.

11. Upon answering several of these calls, Plaintiff KYLE THARPE verbally explained his income deficiencies to Defendant's representatives, and repeatedly instructed Defendant on numerous occasions to cease placing calls to his aforementioned cellular telephone number.

12. Thereafter, Defendant HONDA FINANCE continued initiating calls to Plaintiff KYLE THARPE's aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls.

13. Defendant HONDA FINANCE intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

14. To date, Plaintiff has received approximately one hundred and thirty calls (130) calls on his aforementioned cellular telephone number from Defendant, and the calls continue through the date of filing of this Complaint.

15. Despite Plaintiff demanding that Defendant HONDA FINANCE stop placing calls to his aforementioned cellular telephone number, Defendant HONDA FINANCE, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA and FCCPA, as described herein.

16. The telephone calls at issue were placed by Defendant HONDA FINANCE using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

17. Defendant HONDA FINANCE initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

18. Alternatively, Defendant HONDA FINANCE initiated each of the calls at issue to Plaintiff KYLE THARPE's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

19. Additionally, none of the telephone calls at issue were placed by Defendant HONDA FINANCE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

20. Defendant HONDA FINANCE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

21. Defendant HONDA FINANCE has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

22. Defendant HONDA FINANCE willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

23. Despite actual knowledge of its wrongdoing, Defendant HONDA FINANCE continued the campaign of harassment and abuse.

24. Defendant HONDA FINANCE's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

25. Defendant HONDA FINANCE's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

26. Defendant HONDA FINANCE followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

27. Defendant HONDA FINANCE has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

28. Defendant HONDA FINANCE has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
### VIOLATION OF THE TCPA AGAINST HONDA FINANCE

29. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (28), as if fully set forth herein.

30. None of the calls at issue were placed by Defendant HONDA FINANCE to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

31. Alternatively, Defendant HONDA FINANCE initiated each of the calls at issue to Plaintiff KYLE THARPE's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

32. Additionally, none of the calls at issue were placed by Defendant HONDA FINANCE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

33. Defendant HONDA FINANCE willfully and/or knowingly violated the TCPA with respect to Plaintiff KYLE THARPE by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

34. The TCPA provides Plaintiff with a private right of action against Defendant HONDA FINANCE for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff KYLE THARPE respectfully demands judgment against Defendant HONDA FINANCE for statutory damages, actual damages, punitive damages, costs,

interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
### VIOLATION OF THE FCCPA AGAINST HONDA FINANCE

35. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (28), as if fully set forth herein.

36. At all times material to this action Defendant HONDA FINANCE was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

37. Defendant HONDA FINANCE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

38. Defendant HONDA FINANCE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

39. Defendant HONDA FINANCE engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

40. The actions of Defendant HONDA FINANCE have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of

emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant HONDA FINANCE for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
D.Mitchell@maneygordon.com
V.Marrero@maneygordon.com
Counsel for Plaintiff